UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TAMARA NELSON, nee TAMARA MINGO

    Defendant.
_____/

Case No. 1:18-cr-167

HONORABLE PAUL L. MALONEY

## ORDER SETTING PRETRIAL AND JURY TRIAL

**IT IS ORDERED** that jury selection and trial shall commence on **March 30, 2020 at 8:45 a.m.** in the United States District Court, 174 Federal Building, 410 W. Michigan Ave., Kalamazoo, Michigan.  Counsel and the parties shall be present in the courtroom at 8:30 a.m., to address preliminary matters.

**IT IS FURTHER ORDERED** that a final pretrial conference shall be held on **March 23, 2020 at 9:00 a.m.** in the United States District Court, 174 Federal Building, 410 W. Michigan Ave., Kalamazoo, Michigan.  Counsel who will try the case shall appear at the final pretrial conference.  The attendance of the defendant at the final pretrial is required unless specifically waived.

All pending motions shall be heard at the time of pre-trial on **March 23, 2020 at 9:00 a.m.**, unless otherwise notified by the Court.

**IT IS FURTHER ORDERED** that at the final pretrial conference the parties shall:

1. Discuss any legal issues, including motions in limine, or other evidentiary issues which may arise during the course of trial.

2. Enter into stipulations of uncontested facts.

3. Submit a proposed preliminary jury instruction defining the nature of the alleged offense and the elements of that offense.

4. Disclose the identity of all expert witnesses and agree, if possible, upon the qualifications of expert witnesses.

5. Agree, if possible upon the admissibility of exhibits.  The parties shall mark their exhibits for identification prior to the final pretrial conference.

6. Advise the Court on the number of witnesses expected to be called and estimated length of trial.

7. Submit proposed voir dire questions.  During voir dire, the parties will not be permitted to repeat questions asked on the jury questionnaire or questions asked by the Court.  Discuss jury instructions.  This Court uses the Sixth Circuit's Pattern Criminal Jury Instructions (West Publishing).

8. Review jury selection procedure.

9. Submit trial briefs and discuss legal issues which may arise at the trial.

10. Prior to the final pretrial conference, the parties shall meet and confer regarding jury instructions.  At the final pretrial conference, the parties must submit a joint set of instructions.  The parties must identify the instructions upon which the agree and disagree.  The parties must also submit a brief statement of the nature of any disputes relative to the jury instructions.

11. If not previously made available to the other party, the parties shall make available to each other at the final pretrial conference pursuant to Fed. R. Evid. 1006 all summaries which the party intends to introduce into evidence plus duplicates of the supporting documents which have been summarized.

**\*To schedule a guilty plea, counsel shall contact Amy Redmond, case manager, at 269.337.5700**.


Dated:  January 9, 2020                                     /s/  Paul L. Maloney_____
                                                            Paul L. Maloney
                                                            United States District Judge

Information and Guidelines

for Practice before

The Honorable Paul L. Maloney
United States District Court
for the Western District of Michigan

Hon. Paul L. Maloney
137 Federal Building
410 W. Michigan
Kalamazoo, Michigan  49007
(269) 381-4741

August 2015
Criminal

Communications and General Information

1.      Addresses and Telephone Numbers

>   United States District Court
>   137 Federal Building
>   410 W. Michigan Avenue
>   Kalamazoo, Michigan  49007
>   Telephone:  (269) 381-4741
>   Fax:             (269) 337-4736

>   Honorable Paul L. Maloney                  (269) 381-4741
>       Judicial Assistant - Christina Cavazos
>       Case Manager - Amy Redmond             (269) 337-5700
>       Court Reporter - Kathleen Thomas       (269) 385-3050

>   U.S. District Court Clerk's Office --
>       Clerk of Court                         (269) 337-5706
>       United States District Court
>       107 Federal Building
>       410 W. Michigan Avenue
>       Kalamazoo, Michigan  49007

2.      Hours

Judge Maloney's office is open Monday through Friday from 8:30 a.m. to 5:00 p.m.

The Trial

1.      Courtroom Decorum

The purpose of this paragraph is to describe certain basic principles concerning courtroom behavior and decorum.  The requirements stated in this rule are minimal, not all-inclusive, and are intended to emphasize and supplement, not supplant or limit, the ethical obligations of counsel under the Rules of Professional Conduct or the time honored customs of experienced trial counsel.  These requirements apply to all counsel and all persons at counsel table.

>   A.      This Court expects all attorneys and parties to act with courtesy and respect toward everyone in the courtroom.  Avoid disparaging personal remarks or acrimony toward opposing counsel and remain wholly detached from any ill feeling between the litigants or witnesses.  Address all remarks to the Court, not to opposing counsel.  Refer to all persons, including witnesses, other counsel and the parties, by their surnames and not by their first or given names.

2

    B.    Please be careful with the courtroom furniture. For example, do not put briefcases with metal feet on the tables. Do not bring anything to drink into the courtroom. Water is provided.

    C.    Stand near the lectern while examining a witness and making statements to the jury; except that counsel may approach the Clerk's desk or the witness for purposes of handling or tendering exhibits. The recording system picks up lawyers' voices only when they are speaking into a microphone.

    D.    Offers of, or requests for, a stipulation should be made privately - not within the hearing of the jury.

    E.    Counsel shall admonish all persons at counsel table that gestures, facial expressions, audible comments, and the like, as manifestations of approval or disapproval, during the testimony of witnesses or at any other time, are prohibited.

    F.    Cell phones or other electronic devices shall be in silent mode or turned off. The Court reserves the right to take appropriate action for violation of this policy.

2.    Jury Selection

Counsel should submit an agreed statement of the case to be read to the jury which explains in simple terms the nature of the case. Unless the case is very complex, the summary should not exceed one paragraph. The purpose of the summary is to acquaint the jury with the nature of the case and to provide a basis for certain voir dire questions.

In criminal cases where jury trials have been demanded, the juries will generally be selected as follows:

    A.    The Deputy Clerk will call 12 names for the jury panel plus one or two names for alternates, and such persons will be seated in the order they are called. Alternates will sit in seats 7 and 14 (1st and 2nd row on far right of jury box as you face it).

    B.    The Court will then voir dire the jury asking its own questions and also questions proposed by the attorneys which have been submitted for review to the Court at or before the pretrial conference and which the Court considers appropriate. Attorneys will be permitted to participate in the questioning under limits set by the Court.

    C.    Challenges for cause will be heard at side bar. The Court will excuse any prospective juror for cause where appropriate, and replace the excused juror, and the process will be repeated.

    D.    When the Court has determined that none of the prospective jurors in the jury box should be dismissed for cause, the parties may exercise their peremptory

3

    challenges.  Counsel will be given a piece of paper with the appropriate number of challenges identified.  In the first round of challenges, the government will write its peremptory challenges and give the paper to defense counsel who will then write defendant's peremptory challenges.  After defense counsel writes defendant's peremptory challenges, the paper is returned to the Court.  The Court will then excuse the challenged jurors.

    The challenged jurors will be replaced, and the process repeated except (1) the defendant first exercises peremptory challenges during the second and all subsequent even numbered rounds; (2)  no back strikes are permitted (if a person is not peremptorily challenged the first time possible, the person cannot be peremptorily challenged later).

    Jurors can be challenged for cause anytime.

  E.  The process repeats itself until there is a jury.

  F.  In a case with multiple defendants, the Court may allow additional peremptory challenges.

3. Exhibits

  All exhibits, charts, blow-ups must be shown to counsel prior to the beginning of trial.  Do not wait until the witness is on the stand to show these items to opposing counsel.

  The exhibits shall be clearly identified.  In cases where counsel wishes to publish the exhibits to the jury and the party intends to introduce more than 10 documents, counsel shall arrange to have all exhibits digitized for projection on the large screen in the courtroom.  Projection of exhibits is accomplished using the evidence cart in the courtroom.   Questions concerning use of the evidence cart should be directed to the Systems Administrator for the U.S. District Court Clerk's Office at (616) 456-2381.  In addition, notebooks with the exhibits shall be prepared.  The exhibits should be divided and tabbed with the exhibit numbers or letters.  A list of the exhibits  should be located in the front of the notebooks. One set of notebooks is for the Court, one set is for the deputy clerk in the courtroom, one set is for the use of the witnesses, and there should be a set of notebooks to be used by each party or counsel for the parties.   When bringing a document to the attention of the Court and witnesses, counsel asking the questions should refer to the notebook volume and exhibit number.

  Offer exhibits into evidence as soon as the foundation has been laid.  Often, when lawyers wait until the end of the examination or the case to make the offer, the witness has completely discussed the document during testimony and the document is not in evidence.

  Offer exhibits that have identical foundation requirements in a group.  It wastes time to lay a separate foundation on several identical kinds of documents, showing the witness one at a time.  If they are all the same type of document, show the witness exhibits 1 through 10, ask the

4

witness to identify the exhibits and lay a foundation.  (i.e., checking account statements of John Doe for the months January through June, 1993.)  If the parties have stipulated to the admissibility of exhibits before trial, those exhibits will be admitted as a group after opening statements and before the first witness is called.  These stipulated exhibits can then be referred to without the necessity of establishing a foundation.

4.      Recesses

Before the jury arrives, and at each recess, you will be asked if there is anything that should be raised before the next session.  If there is an issue to be raised, the Court shall be advised before the jury returns to the jury box.

Counsel may not be able to anticipate everything, but many matters should and will be taken up during the recesses.

5.      Scheduling

Trials begin at 8:45 a.m. and recesses between 4:30-5:00 p.m..  There will be a 20 minute break mid-morning and mid-afternoon and a 1 hour lunch break.  This schedule is subject to the other demands of the docket.  You must have enough witnesses to fill up the day.

6.      Deposition Designations, Motions In Limine, and Jury Instructions

Deposition designations, motions in limine, and jury instructions must be filed pursuant to the schedule set in the Case Management Order.  The Court will not entertain additional motions in limine or deposition designations unless good cause is shown.